**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT JUDON<br>2124 S. Garnet Street<br>Philadelphia, PA 19145<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>    **Serve:**<br>    Jeanine Pirro<br>    United States Attorney for the<br>    District of Columbia<br>    601 D Street, NW<br>    Washington, DC 20004<br><br>    Civil Process Clerk<br>    United States Attorney's Office<br>    601 D Street, NW<br>    Washington, DC 20004<br><br>    Pamela Bondi<br>    United States Attorney General<br>    United States Dept. of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530<br><br>and<br><br>UNION STATION REDEVELOPMENT<br>CORPORATION<br>750 1st Street NE, Suite 1010<br>Washington, DC 20002<br><br>    **Serve**:<br>    C T Corporation System<br>    1015 15th Street NW, Suite 1000<br>    Washington, DC 20005<br><br>and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:26-cv-00946 |

UNION STATION VENTURE          )
CORPORATION NO. P-5            )
711 High Street                )
Des Moines, IA 50392           )
                               )
    **Serve**:                )
    C T Corporation System    )
    1015 15th Street NW, Suite 1000  )
    Washington, DC 20005      )
                               )
and                            )
                               )
WASHINGTON TERMINAL COMPANY    )
1 Massachusetts Avenue NW      )
Washington, DC 20001           )
                               )
    **Serve**:                )
    C T Corporation System    )
    1015 15th Street NW, Suite 1000  )
    Washington, DC 20005      )
                               )
Defendants.                    )
_____

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Robert Judon, by and through his attorneys, Kenneth LaDuca, Esq., Kenneth Koppelman, Esq., and Price Benowitz LLP, and files this Complaint against Defendants the United States of America, Union Station Redevelopment Corporation, Union Station Venture Corporation No. P-5, and Washington Terminal Company, and in support thereof states as follows:

## THE PARTIES

1.     At all times relevant hereto, Plaintiff Robert Judon ("Judon") was a citizen of the United States of America and an adult resident and domiciliary of the Commonwealth of Pennsylvania, residing at 2124 S. Garnet Street, Philadelphia, Pennsylvania 19145.

2.     At all relevant times, including but not limited to August 14, 2023, Defendant United States of America ("United States"), by and through its agencies/organizations/contractors,

2

including, but not limited to, the United States Department of Transportation ("USDOT"), the Federal Railroad Administration ("FRA") (which is part of USDOT), and/or, the National Park Service ("NPS"), was an owner/operator of Union Station, located at 50 Massachusetts Ave NE, Washington DC 20001 ("Union Station"), and was responsible for operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, the driveway known as Union Station Drive NE, and the pedestrian walkway which crosses Union Station Drive NE at the Southeast corner of Union Station (the "Subject Area").

3.    Upon information and belief, Defendant Union Station Redevelopment Corporation ("Union Station Corp."), is a District of Columbia nonprofit Corporation, with its principal place of business located at 750 1st Street NE, Suite 1010, Washington, DC 20002. Upon information and belief, and at all times relevant hereto, Defendant Union Station Corp. was an owner/operator of Union Station, and was responsible for operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

4.    Upon information and belief, Defendant Union Station Venture Corporation No. P-5 ("Union Station Venture"), is an Iowa Business Corporation, with its principal place of business located at 711 High Street, Des Moines, Iowa 50392. Upon information and belief, and at all times relevant hereto, Defendant Union Station Venture was an owner/operator of Union Station, and was responsible for operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

3

5.     Upon information and belief, Defendant Washington Terminal Company ("WTC"), is a District of Columbia Business Corporation, with its principal place of business located at 1 Massachusetts Avenue NW, Washington DC 20001. Upon information and belief, and at all times relevant hereto, Defendant WTC was an owner/operator of Union Station, and was responsible for operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

6.     All of the events alleged herein occurred in Washington, District of Columbia.

### JURISDICTION AND VENUE

7.     The Court's personal jurisdiction over Defendant United States is manifest, and the United States has waived sovereign immunity pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 *et seq*. and 28 U.S.C. § 1346(b).

8.     The Court has personal jurisdiction over Defendants Union Station Corp., Union Station Venture, and WTC, pursuant to DC Code § 13-423(a)(1)-(3), as Defendants: caused tortious injury by acts or omissions within the District of Columbia; transacted business in the District of Columbia; and/or contracted to supply services in the District of Columbia.

9.     This Court has subject matter jurisdiction over Defendant United States as this is a cause of action pursuant, in part, to 28 U.S.C. § 1346(b), including a claim for personal injuries caused by the negligence of federal agents/employees of the United States, who at all relevant times were actual and/or apparent agents, servants, employees, and/or contractors of Defendant United States and, were acting within their actual and/or apparent agency, servitude, employment, and/or contract with Defendant United States.

10.     The Court has subject matter jurisdiction over Defendants Union Station Corp., Union Station Venture, and WTC, pursuant to 28 U.S.C. § 1367(a).

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this action includes a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in the District of Columbia.

12.     At all times relevant hereto, USDOT, FRA, and  NPS were each a "Federal Agency" of the United States within the meaning of 28 U.S.C. § 2671, and, at all times relevant hereto, the agents/employees of USDOT, FRA, and NPS, who were tasked with the responsibility of operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area, were "Employees of the government" within the meaning of 28 U.S.C. § 2671.

13.     On April 24, 2025, Plaintiff timely complied with 28 U.S.C. § 2401(b) by providing notice of his claim, via Standard Form 95, to USDOT, Office of the General Counsel, regarding his injuries and damages which were negligently caused by Defendants.

14.     To date, there has been no response to Plaintiff's Standard Form 95, thus Plaintiff has deemed such failure to respond as a final denial pursuant to 28 U.S.C. § 2675(a).

15.     Pursuant to 28 U.S.C. §§ 2401(b) and 2675(a), Plaintiff timely brings this claim.

## STATEMENT OF FACTS

16.     At all times relevant, Union Station was a regional transportation hub consisting of multiple regional and commuter trains and buses, located at 50 Massachusetts Ave. NE, in Washington, DC 20024.

17.     At all relevant times, Union Station had driveways and walkways surrounding the physical building, which were intended for the use of individuals entering and exiting Union Station.

5

18.    At all relevant times, and generally, the United States, by and through its agencies/organizations/contractors, including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC, was an owner/operator of Union Station and was responsible for operating, maintaining, managing, repairing, and/or inspecting the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area (*i.e.*, the driveway known as Union Station Drive NE, and the pedestrian walkway which crosses Union Station Drive NE, at the Southeast corner of Union Station).

19.    More specifically, at all times relevant, the United States was responsible for, and/or had assumed the duty of, maintaining the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area, in a reasonably safe condition so as to avoid injury to individuals utilizing the driveways and walkways to enter/exit Union Station.

20.    Prior to August 14, 2023, the United States had actual and/or constructive notice that the general public, including, but not limited to, individuals entering and exiting Union Station, were utilizing the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area, and the United States had consented and/or acquiesced to such use of the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

21.    Further, at all times relevant hereto, Defendants Union Station Corp., Union Station Venture, and/or WTC, owned, operated, managed, maintained, repaired, and/or inspected Union Station, including, but not limited to, the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

22.     More specifically, at all times relevant, Defendants Union Station Corp., Union Station Venture, and/or WTC was/were responsible for, and/or had assumed the duty of, maintaining the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area, in a reasonably safe condition so as to avoid injury to individuals utilizing the driveways and walkways to enter/exit Union Station.

23.     Prior to August 14, 2023, Defendants Union Station Corp., Union Station Venture, and/or WTC had actual and/or constructive notice that the general public, including, but not limited to, individuals entering and exiting Union Station, were utilizing the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area, and Defendants Union Station Corp., Union Station Venture, and/or WTC had consented and/or acquiesced to such use of the driveways and walkways surrounding Union Station, including, but not limited to, those driveways and walkways in the Subject Area.

24.     On August 14, 2023, Plaintiff Judon was walking towards Union Station at approximately 9:00 p.m., intending to cross Union Station Drive NE, utilizing the pedestrian walkway near the southeast corner of Union Station, exercising due care and caution for his safety.

25.     After Plaintiff Judon looked both ways before crossing Union Station Drive NE, and as Plaintiff Judon stepped off the curb at the pedestrian crossing, his left foot encountered a hole where a grate cover was missing, which caused him to trip and fall (the "Incident").

26.     The images below show the location of the Incident:





8



27.     Prior to the Incident, Defendants United States, Union Station Corp., Union Station Venture, and/or WTC, negligently created the hazardous hole on the driveway/walkway in the Subject Area; and/or, negligently allowed the hole on the driveway/walkway in the Subject Area to exist for an unreasonable amount of time, which caused Plaintiff Judon to trip and fall.

28.     All of the Defendants, by and through their agents, contractors, servants, and/or employees, were aware, or should have been aware, of the potential danger associated with the hazardous and dangerous defect on the driveway/walkway in the Subject Area.

29.     As a direct and proximate result of the fall, Plaintiff Judon sustained injuries, including, but not limited to, a left intra-articular supracondylar femur fracture and acute kidney injury, which required surgical intervention, and extensive rehabilitation.

30.    Plaintiff Judon did not take any improper actions that caused the Incident, nor did he assume any risk. Plaintiff Judon was simply walking along the driveway/walkway in the Subject Area, exercising due care and caution for his safety, when he tripped and fell due to the hazardous condition which existed due to Defendants' negligence.

## COUNT I: Negligence and Negligence *Per Se*
### (Defendant United States of America)

31.    Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

32.    At all relevant times, the United States, through its agents, contractors, servants, and/or employees, including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC, had a duty to exercise reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally in those areas.

33.    Specifically, at all relevant times hereto, the United States had a duty to not create dangerous and/or hazardous conditions on the driveways and walkways at Union Station, and to reasonably inspect, maintain, and/or repair the driveways and walkways at Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals on the driveways and walkways, including, Plaintiff Judon, and to warn individuals on the driveways and walkways, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals on the driveways and walkways.

34.    Additionally, by undertaking to ensure the driveways and walkways at Union Station were reasonably inspected, maintained, and/or repaired, the United States assumed a duty to those individuals walking on the driveways and walkways, including, Plaintiff Judon, to use reasonable care in ensuring the walkway/driveway was safe for foreseeable uses.

35.     Prior to the time of the incident, the United States knew, or reasonably should have known (because it created the hazard; based on the missing grate on the driveway/walkway; and/or, through reasonable and routine inspection of the driveways and walkways), that the subject hole on the driveway/walkway was present and presented a hazardous condition to individuals utilizing the driveway/walkway.

36.     The United States, through its agents, contractors, servants, and employees, including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in the following ways, *inter alia*:

   a. creating the hazardous condition on the driveway/walkway in the Subject Area;

   b. failing to maintain the driveway/walkway in the Subject Area in a reasonably safe condition;

   c. failing to identify the subject hazardous condition on the driveway/ walkway in the Subject Area;

   d. failing to rectify the subject hazardous condition on the driveway/walkway in the Subject Area when it was aware of the condition, or reasonably should have been aware of the condition;

   e. failing to warn Plaintiff Judon, and other individuals legally on the driveway/walkway in the Subject Area of the hazardous conditions on the driveway/walkway, specifically the hazardous condition of the hole on the driveway/walkway in the Subject Area;

11

f.  failing to monitor and/or inspect the driveways and walkways surrounding

Union Station, including specifically the driveway/walkway in the Subject

Area, for hazardous conditions;

g.  failing to use ordinary care to inspect, maintain, and repair the driveways

and walkways surrounding Union Station such that the Subject Area was in

a reasonably safe condition for Plaintiff Judon's foreseeable use; and,

h.  failing to abide by the laws then and there in effect in the District of

Columbia, including, but not limited to those articulated below.[1]

37.     At the time of the incident, the District of Columbia had adopted and incorporated the 2012 International Property Maintenance Code ("IPMC"), a nationally/internationally accepted standard articulating standards for property owners, into the District of Columbia Property Maintenance Code ("DCPMC").

38.     The DCPMC requires the following of property owners, *inter alia*: "Section 302.3 Sidewalks and Driveways. All sidewalks, walkways, stairs, driveways, parking spaces, and similar areas shall be kept in a proper state of repair and maintained free from hazardous conditions."

39.     The DCPMC was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Judon), and the United States cannot offer an explanation as to its violation of such laws, thereby rendering the United States negligent *per se* (i.e., as a matter of law).

40.     As a direct and proximate result of the negligent acts and omissions and statutory violations of the United States, by and through its agents, servants, contractors, and/or employees,

---

[1] To the extent necessary, Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

41.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of the United States, by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

42.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of the United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

43.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of the United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

44.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of the United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

45.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant United States, and was/were acting within the scope of said agency,

contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

46. Upon information and belief, at all relevant times herein, USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant United States' order and/or direction, and for the benefit of Defendant United States.

47. As the principal for USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, Defendant United States is responsible for all of the acts and/or omissions committed by USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, under the doctrine of vicarious liability.

48. All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of the United States and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands judgment against Defendant United States of America, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT II: Negligence and Negligence *Per Se*
### (Defendant Union Station Redevelopment Corporation)

49. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

50.     At all relevant times, Defendant Union Station Corp., through its agents, contractors, servants, and/or employees, including, but not limited to, Union Station Venture, and/or WTC, had a duty to exercise reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally in those areas.

51.     Specifically, at all relevant times hereto, Defendant Union Station Corp. had a duty to not create dangerous and/or hazardous conditions on the driveways and walkways at Union Station, and to reasonably inspect, maintain, and/or repair the driveways and walkways at Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals on the driveways and walkways, including, Plaintiff Judon, and to warn individuals on the driveways and walkways, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals on the driveways and walkways.

52.     Additionally, by undertaking to ensure the driveways and walkways at Union Station were reasonably inspected, maintained, and/or repaired, Defendant Union Station Corp., assumed a duty to those individuals walking on the driveways and walkways, including, Plaintiff Judon, to use reasonable care in ensuring the walkway/driveway was safe for foreseeable uses.

53.     Prior to the time of the incident, Defendant Union Station Corp., knew, or reasonably should have known (because it created the hazard; based on the missing grate on the driveway/walkway; and/or, through reasonable and routine inspection of the driveways and walkways), that the subject hole on the driveway/walkway was present and presented a hazardous condition to individuals utilizing the driveway/walkway.

54.     Defendant Union Station Corp., through its agents, contractors, servants, and employees, including, but not limited to, Union Station Venture, and/or WTC, breached the

15

aforesaid duties of care, breached the applicable standards of care, and was negligent in the following ways, *inter alia*:

    a. creating the hazardous condition on the driveway/walkway in the Subject Area;

    b. failing to maintain the driveway/walkway in the Subject Area in a reasonably safe condition;

    c. failing to identify the subject hazardous condition on the driveway/ walkway in the Subject Area;

    d. failing to rectify the subject hazardous condition on the driveway/walkway in the Subject Area when it was aware of the condition, or reasonably should have been aware of the condition;

    e. failing to warn Plaintiff Judon, and other individuals legally on the driveway/walkway in the Subject Area of the hazardous conditions on the driveway/walkway, specifically the hazardous condition of the hole on the driveway/walkway in the Subject Area;

    f. failing to monitor and/or inspect the driveways and walkways surrounding Union Station, including specifically the driveway/walkway in the Subject Area, for hazardous conditions;

    g. failing to use ordinary care to inspect, maintain, and repair the driveways and walkways surrounding Union Station such that the Subject Area was in a reasonably safe condition for Plaintiff Judon's foreseeable use; and,

h. failing to abide by the laws then and there in effect in the District of Columbia, including, but not limited to those articulated below.[2]

55.    At the time of the incident, the District of Columbia had adopted and incorporated the 2012 IPMC, a nationally/internationally accepted standard articulating standards for property owners, into the DCPMC.

56.    The DCPMC requires the following of property owners, *inter alia*: "Section 302.3 Sidewalks and Driveways. All sidewalks, walkways, stairs, driveways, parking spaces, and similar areas shall be kept in a proper state of repair and maintained free from hazardous conditions."

57.    The DCPMC was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Judon), and Defendant Union Station Corp. cannot offer an explanation as to their violation of such laws, thereby rendering Defendant Union Station Corp. negligent *per se* (i.e., as a matter of law).

58.    As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

59.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

---

[2] To the extent necessary, Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

60.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

61.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

62.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

63.     Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Venture, and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant Union Station Corp., and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

64.     Upon information and belief, at all relevant times herein, Defendants Union Station Venture, and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant Union Station Corp.'s order and/or direction, and for the benefit of Defendant Union Station Corp.

65.    As the principal for Defendants Union Station Venture, and/or WTC, Defendant Union Station Corp. is responsible for all of the acts and/or omissions committed by Defendants Union Station Venture, and/or WTC, under the doctrine of vicarious liability.

66.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Union Station Corp., and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands judgment against Defendant Union Station Redevelopment Corporation, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

### COUNT III: Negligence and Negligence *Per Se*
### (Defendant Union Station Venture Corporation No. P-5)

67.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

68.    At all relevant times, Defendant Union Station Venture, through its agents, contractors, servants, and/or employees, including, but not limited to, Union Station Corp., and/or WTC, had a duty to exercise reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally in those areas.

69.    Specifically, at all relevant times hereto, Defendant Union Station Venture had a duty to not create dangerous and/or hazardous conditions on the driveways and walkways at Union Station, and to reasonably inspect, maintain, and/or repair the driveways and walkways at Union Station to prevent hazardous conditions on the driveways and walkways, including latent,

19

dangerous defects, so as to prevent injuries to individuals on the driveways and walkways, including, Plaintiff Judon, and to warn individuals on the driveways and walkways, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals on the driveways and walkways.

70.    Additionally, by undertaking to ensure the driveways and walkways at Union Station were reasonably inspected, maintained, and/or repaired, Defendant Union Station Venture, assumed a duty to those individuals walking on the driveways and walkways, including, Plaintiff Judon, to use reasonable care in ensuring the walkway/driveway was safe for foreseeable uses.

71.    Prior to the time of the incident, Defendant Union Station Venture, knew, or reasonably should have known (because it created the hazard; based on the missing grate on the driveway/walkway; and/or, through reasonable and routine inspection of the driveways and walkways), that the subject hole on the driveway/walkway was present and presented a hazardous condition to individuals utilizing the driveway/walkway.

72.    Defendant Union Station Venture, through its agents, contractors, servants, and employees, including, but not limited to, Union Station Corp., and/or WTC, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in the following ways, *inter alia*:

a. creating the hazardous condition on the driveway/walkway in the Subject Area;

b. failing to maintain the driveway/walkway in the Subject Area in a reasonably safe condition;

c. failing to identify the subject hazardous condition on the driveway/ walkway in the Subject Area;

20

d. failing to rectify the subject hazardous condition on the driveway/walkway in the Subject Area when it was aware of the condition, or reasonably should have been aware of the condition;

e. failing to warn Plaintiff Judon, and other individuals legally on the driveway/walkway in the Subject Area of the hazardous conditions on the driveway/walkway, specifically the hazardous condition of the hole on the driveway/walkway in the Subject Area;

f. failing to monitor and/or inspect the driveways and walkways surrounding Union Station, including specifically the driveway/walkway in the Subject Area, for hazardous conditions;

g. failing to use ordinary care to inspect, maintain, and repair the driveways and walkways surrounding Union Station such that the Subject Area was in a reasonably safe condition for Plaintiff Judon's foreseeable use; and,

h. failing to abide by the laws then and there in effect in the District of Columbia, including, but not limited to those articulated below.[3]

73.     At the time of the incident, the District of Columbia had adopted and incorporated the 2012 IPMC, a nationally/internationally accepted standard articulating standards for property owners, into the DCPMC.

74.     The DCPMC requires the following of property owners, *inter alia*: "Section 302.3 Sidewalks and Driveways. All sidewalks, walkways, stairs, driveways, parking spaces, and similar areas shall be kept in a proper state of repair and maintained free from hazardous conditions."

---

[3] To the extent necessary, Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

75.    The DCPMC was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Judon), and Defendant Union Station Venture cannot offer an explanation as to their violation of such laws, thereby rendering Defendant Union Station Venture negligent *per se* (i.e., as a matter of law).

76.    As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

77.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

78.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

79.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

80.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants,

22

contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

81.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Corp., and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant Union Station Venture, and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

82.    Upon information and belief, at all relevant times herein, Defendants Union Station Corp., and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant Union Station Venture's order and/or direction, and for the benefit of Defendant Union Station Venture.

83.    As the principal for Defendants Union Station Corp., and/or WTC, Defendant Union Station Venture is responsible for all of the acts and/or omissions committed by Defendants Union Station Corp., and/or WTC, under the doctrine of vicarious liability.

84.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Union Station Venture, and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands judgment against Defendant Union Station Venture Corporation No. P-5, as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

**COUNT IV: Negligence and Negligence *Per Se***
**(Defendant Washington Terminal Company)**

85.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

86.     At all relevant times, Defendant WTC, through its agents, contractors, servants, and/or employees, including, but not limited to, Union Station Corp., and/or Union Station Venture, had a duty to exercise reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally in those areas.

87.     Specifically, at all relevant times hereto, Defendant WTC had a duty to not create dangerous and/or hazardous conditions on the driveways and walkways at Union Station, and to reasonably inspect, maintain, and/or repair the driveways and walkways at Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals on the driveways and walkways, including, Plaintiff Judon, and to warn individuals on the driveways and walkways, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals on the driveways and walkways.

88.     Additionally, by undertaking to ensure the driveways and walkways at Union Station were reasonably inspected, maintained, and/or repaired, Defendant WTC, assumed a duty to those individuals walking on the driveways and walkways, including, Plaintiff Judon, to use reasonable care in ensuring the walkway/driveway was safe for foreseeable uses.

89.     Prior to the time of the incident, Defendant WTC, knew, or reasonably should have known (because it created the hazard; based on the missing grate on the driveway/walkway; and/or, through reasonable and routine inspection of the driveways and walkways), that the subject hole

24

on the driveway/walkway was present and presented a hazardous condition to individuals utilizing the driveway/walkway.

90.    Defendant WTC, through its agents, contractors, servants, and employees, including, but not limited to, Union Station Corp., and/or Union Station Venture, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in the following ways, *inter alia*:

a. creating the hazardous condition on the driveway/walkway in the Subject Area;

b. failing to maintain the driveway/walkway in the Subject Area in a reasonably safe condition;

c. failing to identify the subject hazardous condition on the driveway/ walkway in the Subject Area;

d. failing to rectify the subject hazardous condition on the driveway/walkway in the Subject Area when it was aware of the condition, or reasonably should have been aware of the condition;

e. failing to warn Plaintiff Judon, and other individuals legally on the driveway/walkway in the Subject Area of the hazardous conditions on the driveway/walkway, specifically the hazardous condition of the hole on the driveway/walkway in the Subject Area;

f. failing to monitor and/or inspect the driveways and walkways surrounding Union Station, including specifically the driveway/walkway in the Subject Area, for hazardous conditions;

g. failing to use ordinary care to inspect, maintain, and repair the driveways and walkways surrounding Union Station such that the Subject Area was in a reasonably safe condition for Plaintiff Judon's foreseeable use; and,

h. failing to abide by the laws then and there in effect in the District of Columbia, including, but not limited to those articulated below.[4]

91. At the time of the incident, the District of Columbia had adopted and incorporated the 2012 IPMC, a nationally/internationally accepted standard articulating standards for property owners, into the DCPMC.

92. The DCPMC requires the following of property owners, *inter alia*: "Section 302.3 Sidewalks and Driveways. All sidewalks, walkways, stairs, driveways, parking spaces, and similar areas shall be kept in a proper state of repair and maintained free from hazardous conditions."

93. The DCPMC was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff Judon), and Defendant WTC cannot offer an explanation as to their violation of such laws, thereby rendering Defendant WTC negligent *per se* (i.e., as a matter of law).

94. As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

95. As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors and/or

---

[4] To the extent necessary, Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

96.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

97.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

98.     As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

99.     Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Corp., and/or Union Station Venture, was/were acting as the agent, contractor, employee, and/or servant of Defendant WTC, and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

100.     Upon information and belief, at all relevant times herein, Defendants Union Station Corp., and/or Union Station Venture was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant WTC's order and/or direction, and for the benefit of Defendant WTC.

101.    As the principal for Defendants Union Station Corp., and/or Union Station Venture, Defendant WTC is responsible for all of the acts and/or omissions committed by Defendants Union Station Corp., and/or Union Station Venture, under the doctrine of vicarious liability.

102.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant WTC, and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands judgment against Defendant Washington Terminal Company as follows: (1) compensatory damages in the amount of Two Million and 0/100 Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## COUNT V: Negligent Training and Supervision
### (Defendant United States of America)

103.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

104.    At all times relevant, Defendant United States had a duty to train and supervise their employees, agents, contractors and/or servants, including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC, to ensure that they exercised reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally utilizing those driveways/walkways.

105.    Specifically, at all times relevant, Defendant United States had a duty to train and supervise their employees, agents, contractors and/or servants including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC: to inspect,

maintain, and/or repair the driveways and walkways surrounding Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon; and, to warn individuals legally utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station.

106.    Defendant United States breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in training and supervising its agents, contractors, servants, and/or employees, including, but not limited to, USDOT, FRA, NPS, Union Station Corp., Union Station Venture, and/or WTC in the following ways, *inter alia*:

    a. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably monitor and/or inspect the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

    b. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably maintain the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

    c. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably identify hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

    d. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably rectify/repair/mitigate hazardous conditions on the

driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

e. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably warn individuals utilizing the driveways and walkways surrounding Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

f. failing to reasonably train their agents, employees, servants, and/or contractors, to abide by the laws then and there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV;[5]

g. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably monitoring and/or inspecting the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

h. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably maintaining the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

i. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably identifying

---

[5] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

30

hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

j. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably rectifying/repairing/mitigating hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

k. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were warning individuals legally entering/exiting Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

l. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were abiding by the laws then and there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV.[6]

107.    As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

---

[6] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

108.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant United States, by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

109.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

110.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant United States, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

111.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant United States by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

112.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant United States, and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

113.    Upon information and belief, at all relevant times herein, USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant United States's order and/or direction, and for the benefit of Defendant United States.

114.    As the principal for USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, Defendant United States is responsible for all of the acts and/or omissions committed by USDOT, FRA, NPS, and/or Defendants Union Station Corp., Union Station Venture, and/or WTC, under the doctrine of vicarious liability.

115.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant United States and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands: (1) judgment against Defendant United States of America in the amount of Two Million Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and, (4) such other and further relief as this Court deems proper

### COUNT VI: Negligent Training and Supervision
**(Defendant Union Station Redevelopment Corporation)**

116.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

117.    At all times relevant, Defendant Union Station Corp. had a duty to train and supervise their employees, agents, contractors and/or servants, including, but not limited to, Union Station Venture, and/or WTC, to ensure that they exercised reasonable care to make the driveways

33

and walkways surrounding Union Station reasonably safe for individuals legally utilizing those driveways/walkways.

118. Specifically, at all times relevant, Defendant Union Station Corp. had a duty to train and supervise their employees, agents, contractors and/or servants including, but not limited to, Union Station Venture, and/or WTC: to inspect, maintain, and/or repair the driveways and walkways surrounding Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon; and, to warn individuals legally utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station.

119. Defendant Union Station Corp. breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in training and supervising its agents, contractors, servants, and/or employees, including, but not limited to, Union Station Venture, and/or WTC in the following ways, *inter alia*:

    a. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably monitor and/or inspect the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

    b. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably maintain the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

c. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably identify hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

d. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably rectify/repair/mitigate hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

e. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably warn individuals utilizing the driveways and walkways surrounding Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

f. failing to reasonably train their agents, employees, servants, and/or contractors, to abide by the laws then and there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV;[7]

g. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably monitoring and/or inspecting the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

---

[7] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

35

h. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably maintaining the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

i. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably identifying hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

j. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably rectifying/repairing/mitigating hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

k. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were warning individuals legally entering/exiting Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

l. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were abiding by the laws then and

there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV.[8]

120.    As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

121.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

122.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

123.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp., by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

124.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Corp. by and through its agents, servants,

---

[8] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

37

contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

125.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Venture, and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant Union Station Corp., and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

126.    Upon information and belief, at all relevant times herein, Defendants Union Station Venture and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant Union Station Corp.'s order and/or direction, and for the benefit of Defendant Union Station Corp.

127.    As the principal for Defendants Union Station Venture, and/or WTC, Defendant Union Station Corp. is responsible for all of the acts and/or omissions committed by Defendants Union Station Venture, and/or WTC, under the doctrine of vicarious liability.

128.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Union Station Corp., and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands: (1) judgment against Defendant United Station Redevelopment Corporation in the amount of Two Million Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-

judgment interest as permitted by law; and, (4) such other and further relief as this Court deems proper.

### COUNT VII: Negligent Training and Supervision
### (Defendant Union Station Venture Corporation)

129.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

130.    At all times relevant, Defendant Union Station Venture had a duty to train and supervise their employees, agents, contractors and/or servants, including, but not limited to, Union Station Corp., and/or WTC, to ensure that they exercised reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally utilizing those driveways/walkways.

131.    Specifically, at all times relevant, Defendant Union Station Venture had a duty to train and supervise their employees, agents, contractors and/or servants including, but not limited to, Union Station Corp., and/or WTC: to inspect, maintain, and/or repair the driveways and walkways surrounding Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon; and, to warn individuals legally utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been aware, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station.

132.    Defendant Union Station Venture breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in training and supervising its agents,

39

contractors, servants, and/or employees, including, but not limited to, Union Station Venture, and/or WTC in the following ways, *inter alia*:

m. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably monitor and/or inspect the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

n. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably maintain the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

o. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably identify hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

p. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably rectify/repair/mitigate hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

q. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably warn individuals utilizing the driveways and walkways surrounding Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

r. failing to reasonably train their agents, employees, servants, and/or contractors, to abide by the laws then and there in effect in the District of

Columbia, including, but not limited to, those articulated above in Counts I-IV;[9]

s.  failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably monitoring and/or inspecting the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

t.  failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably maintaining the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

u.  failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably identifying hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

v.  failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were reasonably rectifying/repairing/mitigating hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

---

[9] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

w. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were warning individuals legally entering/exiting Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

x. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were abiding by the laws then and there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV.[10]

133.   As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

134.   As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

135.   As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

---

[10] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

136.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

137.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant Union Station Venture by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

138.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Corp., and/or WTC, was/were acting as the agent, contractor, employee, and/or servant of Defendant Union Station Venture, and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

139.    Upon information and belief, at all relevant times herein, Defendants Union Station Corp. and/or WTC was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant Union Station Venture's order and/or direction, and for the benefit of Defendant Union Station Venture.

140.    As the principal for Defendants Union Station Corp., and/or WTC, Defendant Union Station Venture is responsible for all of the acts and/or omissions committed by Defendants Union Station Corp., and/or WTC, under the doctrine of vicarious liability.

141.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant Union Station Venture, and

its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands: (1) judgment against Defendant United Station Venture Corporation No. P-5 in the amount of Two Million Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and, (4) such other and further relief as this Court deems proper.

**COUNT VIII: Negligent Training and Supervision**
**(Defendant Washington Terminal Company)**

142.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

143.    At all times relevant, Defendant WTC had a duty to train and supervise their employees, agents, contractors and/or servants, including, but not limited to, Union Station Corp., and/or Union Station Venture, to ensure that they exercised reasonable care to make the driveways and walkways surrounding Union Station reasonably safe for individuals legally utilizing those driveways/walkways.

144.    Specifically, at all times relevant, Defendant WTC had a duty to train and supervise their employees, agents, contractors and/or servants including, but not limited to, Union Station Corp., and/or Union Station Venture: to inspect, maintain, and/or repair the driveways and walkways surrounding Union Station to prevent hazardous conditions on the driveways and walkways, including latent, dangerous defects, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon; and, to warn individuals legally utilizing the driveways and walkways surrounding Union Station, including, Plaintiff Judon, of hazardous conditions of which it was aware, or reasonably should have been

44

aware, so as to prevent injuries to individuals utilizing the driveways and walkways surrounding Union Station.

145.    Defendant WTC breached the aforesaid duties of care, breached the applicable standards of care, and was negligent in training and supervising its agents, contractors, servants, and/or employees, including, but not limited to, Union Station Venture, and/or Union Station Venture in the following ways, *inter alia*:

y. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably monitor and/or inspect the driveways and walkways surrounding Union Station, for potentially hazardous conditions;

z. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably maintain the driveways and walkways surrounding Union Station, to prevent potentially hazardous conditions;

aa. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably identify hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

bb. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably rectify/repair/mitigate hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

cc. failing to reasonably train their agents, employees, servants, and/or contractors, to reasonably warn individuals utilizing the driveways and walkways surrounding Union Station of potentially hazardous conditions on

the driveways and walkways surrounding Union Station, including, the

hazardous condition on which Plaintiff Judon tripped and fell;

dd. failing to reasonably train their agents, employees, servants, and/or

contractors, to abide by the laws then and there in effect in the District of

Columbia, including, but not limited to, those articulated above in Counts I-

IV;[11]

ee. failing to reasonably supervise their agents, employees, servants, and/or

contractors, to ensure those individuals were reasonably monitoring and/or

inspecting the driveways and walkways surrounding Union Station, for

potentially hazardous conditions;

ff. failing to reasonably supervise their agents, employees, servants, and/or

contractors, to ensure those individuals were reasonably maintaining the

driveways and walkways surrounding Union Station, to prevent potentially

hazardous conditions;

gg. failing to reasonably supervise their agents, employees, servants, and/or

contractors, to ensure those individuals were reasonably identifying

hazardous conditions on the driveways and walkways surrounding Union

Station, including, the hazardous condition on which Plaintiff Judon tripped

and fell;

hh. failing to reasonably supervise their agents, employees, servants, and/or

contractors, to ensure those individuals were reasonably

---

[11] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

rectifying/repairing/mitigating hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

ii. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were warning individuals legally entering/exiting Union Station of potentially hazardous conditions on the driveways and walkways surrounding Union Station, including, the hazardous condition on which Plaintiff Judon tripped and fell;

jj. failing to reasonably supervise their agents, employees, servants, and/or contractors, to ensure those individuals were abiding by the laws then and there in effect in the District of Columbia, including, but not limited to, those articulated above in Counts I-IV.[12]

146.    As a direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon suffered severe, permanent and life-altering emotional and bodily injuries, including, but not limited to, a broken femur.

147.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors and/or employees, as aforesaid, Plaintiff Judon suffered and will continue to suffer intense physical and emotional pain and suffering.

---

[12] Plaintiff Judon expressly reserves the right to amend this complaint for additional negligence *per se* violations of any and all applicable statutes, regulations, codes or otherwise, after he consults with experts.

148.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will in the future continue to incur, significant medical expenses.

149.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC, by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon incurred, and will continue to incur, lost wages and a loss of earnings capacity.

150.    As a further direct and proximate result of the negligent acts and omissions and statutory violations of Defendant WTC by and through its agents, servants, contractors, and/or employees, as aforesaid, Plaintiff Judon was, and continues to be, prevented from pursuing his normal routine and customary activities.

151.    Upon information and belief, at all times relevant hereto, including the time period leading up to and on date of the incident, Defendants Union Station Corp., and/or Union Station Venture, was/were acting as the agent, contractor, employee, and/or servant of Defendant WTC, and was/were acting within the scope of said agency, contract, employment, and/or servitude as it pertains to ownership, operation, inspection, and/or maintenance of the Subject Area.

152.    Upon information and belief, at all relevant times herein, Defendants Union Station Corp. and/or Union Station Venture was/were carrying out activities, including, but not limited to performing inspection, maintenance, and repairs at the Subject Area pursuant to Defendant WTC's order and/or direction, and for the benefit of Defendant WTC.

153.    As the principal for Defendants Union Station Corp., and/or Union Station Venture, Defendant WTC is responsible for all of the acts and/or omissions committed by Defendants Union Station Corp., and/or Union Station Venture, under the doctrine of vicarious liability.

154.    All of Plaintiff Judon's injuries, losses, and damages were directly and proximately caused by the aforementioned negligence of Defendant WTC, and its agents, servants, contractors, and/or employees, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Judon.

WHEREFORE, Plaintiff Robert Judon demands: (1) judgment against Defendant Washington Terminal Company in the amount of Two Million Dollars ($2,000,000.00), which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and, (4) such other and further relief as this Court deems proper.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:      ___*/s/ Kenneth A. Koppelman*___
Kenneth J. LaDuca, Esq. (DC Bar No. 1031173)
Kenneth A. Koppelman, Esq. (DC Bar No. 90003745)
409 7th Street NW, STE 200
Washington, DC 20004
kladuca@pricebenowitzlaw.com
kkoppelman@pricebenowitzlaw.com
Telephone: (202) 417-6015
Facsimile: (301) 244-6659
*Attorneys for Plaintiff*

49

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

*/s/ Kenneth A. Koppelman*
Kenneth A. Koppelman